**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ADAPTIX, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:13-cv-854-LED |
| ) | |
| KYOCERA CORPORATION, ) | |
| KYOCERA COMMUNICATIONS, INC., ) | **JURY TRIAL DEMANDED** |
| KYOCERA INTERNATIONAL, INC., ) | |
| KYOCERA AMERICA, INC., and ) | |
| SPRINT SPECTRUM L.P., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS KYOCERA CORPORATION, KYOCERA COMMUNICATIONS, INC., KYOCERA INTERNATIONAL, INC., AND KYOCERA AMERICA, INC.'S COUNTERCLAIMS**

Plaintiff, ADAPTIX, Inc. ("ADAPTIX"), replies to the counterclaims of Defendants Kyocera Corporation, Kyocera Communications, Inc., Kyocera International, Inc., and Kyocera America, Inc. (collectively "Kyocera"), as follows:

**COUNTERCLAIMS**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. ADAPTIX is a Delaware corporation with its principal place of business in the Eastern District of Texas at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

6. Admitted.

06060580

7. Admitted.

8. ADAPTIX admits that venue is appropriate in this judicial district and that Counterclaims are in response to the ADAPTIX complaint. ADAPTIX denies all other allegations of Paragraph 8.

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,454,212 ("the '212 Patent"))**

9. ADAPTIX incorporates by reference its responses contained in Paragraphs 1-8 above as if fully restated in this paragraph.

10. ADAPTIX admits that an actual, continuing, and justiciable controversy exists between Kyocera and ADAPTIX regarding infringement of the '212 Patent. ADAPTIX denies all other allegations of Paragraph 10.

11. ADAPTIX admits that Kyocera requests a judicial determination and declaration pursuant to the Federal Declaratory Judgment Act. ADAPTIX denies all other allegations of Paragraph 11.

**(Declaratory Judgment of Invalidity of the '212 Patent)**

12. ADAPTIX incorporates by reference its responses contained in Paragraphs 1-11 above as if fully restated in this paragraph.

13. ADAPTIX admits that an actual, continuing, and justiciable controversy exists between Kyocera and ADAPTIX regarding validity of the '212 patent. ADAPTIX denies all other allegations of Paragraph 13.

14. ADAPTIX admits that Kyocera requests a judicial determination and declaration pursuant to the Federal Declaratory Judgment Act. ADAPTIX denies all other allegations of Paragraph 14.

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,947,748 ("the '748 Patent"))**

15. ADAPTIX incorporates by reference its responses contained in Paragraphs 1-14 above as if fully restated in this paragraph.

16. ADAPTIX admits that an actual, continuing, and justiciable controversy exists between Kyocera and ADAPTIX regarding infringement of the '748 patent. ADAPTIX denies all other allegations of Paragraph 16.

17. ADAPTIX admits that Kyocera requests a judicial determination and declaration pursuant to the Federal Declaratory Judgment Act. ADAPTIX denies all other allegations of Paragraph 17.

**(Declaratory Judgment of Invalidity of the '748 Patent)**

18. ADAPTIX incorporates by reference its responses contained in Paragraphs 1-17 above as if fully restated in this paragraph.

19. ADAPTIX admits that an actual, continuing, and justiciable controversy exists between Kyocera and ADAPTIX regarding validity of the '748 patent. ADAPTIX denies all other allegations of Paragraph 19.

20. ADAPTIX admits that Kyocera requests a judicial determination and declaration pursuant to the Federal Declaratory Judgment Act. ADAPTIX denies all other allegations of Paragraph 20.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaims fail to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants infringe one or more claims of U.S. Patent Nos. 7,454,212 and 6,947,748.

## PRAYER FOR RELIEF

WHEREFORE, ADAPTIX respectfully requests that this Court:

a. Enter judgment in favor of ADAPTIX on all issues set forth in Defendant Kyocera's Answer and Counterclaims;

b. Deny all relief requested in Defendant Kyocera's Answer and Counterclaims;

c. Grant the relief requested by ADAPTIX in its Complaint, and

d. Grant ADAPTIX such further relief as this Court may deem just and proper.

## JURY DEMAND

ADAPTIX demands trial by jury on all issues set forth in Defendant Kyocera's Answer and Counterclaims so triable.

Date:  March 19, 2014                                     **ADAPTIX, INC.**

By: */s/  Paul J. Hayes*
Paul J. Hayes
Steven E. Lipman
**HAYES MESSINA**
**GILMAN & HAYES, LLC**
200 State Street, 6th Floor
Boston, MA 02109
Tel: (617) 439-4200
Fax: (617) 443-1999
Email:  phayes@hayesmessina.com
Email:  slipman@hayesmessina.com

Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24064869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, Texas 75093

      Phone:  (903) 730-6789
      Email:  craig@tadlocklawfirm.com
             keith@tadlocklawfirm.com

**ATTORNEYS FOR PLAINTIFF
ADAPTIX, INC.**

## CERTIFICATE OF SERVICE

       I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 19th day of March, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                               */s/ Paul J. Hayes*